<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUAN A. VARELA, | : |
| Plaintiff, | : Civil Action No. 15-7633 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Juan A. Varela ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 17, 2009. A hearing was held before ALJ Moises Penalver (the "ALJ") on January 31, 2014, and the ALJ issued a partially favorable decision on March 28, 2014, finding Plaintiff disabled prior to June 18, 2011 and not disabled as of June 18, 2011. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. Plaintiff appeals only the unfavorable determination, and this Opinion will address only that portion of the ALJ's decision.

In the decision of March 28, 2014, the ALJ made the following findings for the period beginning June 18, 2011.  The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform medium work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work as a merchant patroller or doorman.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that, beginning June 18, 2011, Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed because neither the step four residual functional capacity determination nor the step five determination are based on substantial evidence.

Plaintiff's challenge to the ALJ's step four determination asks the Court to re-weigh the expert medical testimony heard by the ALJ, to discredit it, and to remand the case to get new testimony.  Plaintiff offers no legal support for this position, nor does this Court know of any. Under Bowen, Plaintiff bears the burden of proof at the fourth step.[1]  Plaintiff argues as if the Commissioner bears the burden of proof, and as if the Court may re-weigh the evidence.  As the Third Circuit stated in a decision last month:

A federal court's substantial-evidence review is "quite limited."  *Rutherford v.*

---

[1] Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

2

> *Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005).  A court may not weigh the evidence
> or substitute its own findings for the Commissioner's.  *Monsour Med. Ctr. v.
> Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  [Plaintiff's] arguments amount
> to a request to reweigh the evidence and review the Commissioner's findings and
> decision de novo.

Davern v. Comm'r of Soc. Sec., 2016 U.S. App. LEXIS 20024 (3d Cir. Pa. Nov. 7, 2016).  This Court cannot re-weigh the evidence, and Plaintiff has pointed to no medical evidence that, after June 17, 2011, he lacked the residual functional capacity to perform medium work.  The Commissioner has pointed to the testimony of medical expert Dr. Brovender to support the determination that, as of June 18, 2011, Plaintiff had the residual functional capacity to perform medium work.  The Commissioner's step four determination is supported by substantial evidence.

Plaintiff tries much the same argument at step five.  At step five, the Commissioner does bear the burden of proof, but the Court is still barred from re-weighing the evidence.  Plaintiff argues that the vocational expert's testimony "established nothing, proved nothing and was based on nothing."  (Pl.'s Br. 30.)  As the Third Circuit held in rejecting a similar argument:

> [Plaintiff] also argues that the ALJ erred in finding that he had retained the ability
> to return to his past relevant work, i.e., as a clerk-typist and telephone solicitor, on
> the basis that the vocational expert's testimony did not support such a finding.
> This argument amounts to another request for us to reweigh the evidence, which
> we must reject.

McGonigal v. Barnhart, 153 Fed. Appx. 60, 62 (3d Cir. 2005).  Again, this Court cannot re-weigh the evidence.

Plaintiff has not challenged the validity of the hypothetical posed at step five to the vocational expert.  In this case, as in Plummer v. Apfel:

> The vocational expert's testimony was in response to a hypothetical that fairly set
> forth every credible limitation established by the physical evidence.  As such, it

3

      can be relied upon as substantial evidence supporting the ALJ's conclusion that [Plaintiff] is not totally disabled.

Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999).  At step five, the Commissioner based his determination on the testimony of a vocational expert in response to an appropriately-framed hypothetical.  The determination at step five is supported by substantial evidence.

      This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence.  Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that he was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler  
        STANLEY R. CHESLER, U.S.D.J.

Dated: December 20, 2016